955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael David GORHAM, Defendant-Appellant.
 No. 91-5770.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1991.
Decided Feb. 19, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-90-61-JH)
 Argued: Anthony Reed Gallegher, Assistant Federal Public Defender, Baltimore, Md., for appellant.
 Ethan L. Bauman, Assistant United States Attorney, Baltimore, Md., for appellee.
 On Brief: Fred Warren Bennett, Federal Public Defender, Baltimore, Md., for appellant.
 Richard D. Bennett, United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 This matter comes before the court on the appellant's appeal of the trial court's use, in connection with Gorham's sentencing, of the enhanced penalty provisions of the Armed Career Criminal Act, 18 United States Code Section 924(e). For the reasons stated herein, we affirm the court below.
 
 BACKGROUND
 
 2
 On December 20, 1990 Gorham pled guilty pursuant to an agreement with the United States to a one count indictment charging him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). The maximum penalty for this violation is ten years. In the plea agreement, the government promised to recommend to the sentencing judge that Gorham be sentenced to a term in the middle of the Guidelines range. However, the government noted that the presentence investigation could reveal that Gorham was subject to the enhanced penalty provisions of 18 U.S.C. § 924(e), which mandates a minimum 15 year prison term.
 
 
 3
 A presentence report compiled on Gorham revealed he had three prior convictions. On September 26, 1980 Gorham was convicted in state court for burglary. On July 11, 1988 Gorham was convicted in state court on several counts of possession of controlled substances and for burglary. The drug convictions were based on conduct for which Gorham was arrested on December 17, 1987. The burglary conviction on July 11, 1988 was based on conduct for which Gorham was arrested on January 26, 1988. It is undisputed that the burglary which was disposed of on July 11, 1988 was committed on an occasion different from the drug distribution offenses disposed of on the same day.
 
 
 4
 The probation officer responsible for completing the presentence report on Gorham concluded that Gorham was subject to the enhanced penalties of Section 924(e) due to his convictions for the 1980 burglary, the 1987 drug distribution and the 1988 burglary. The district court agreed and sentenced Gorham to the minimum 15 year sentence. On appeal, Gorham argues that the drug and burglary convictions which were entered on July 11, 1988 are not separate offenses bringing him within the purview of Section 924(e).*
 
 ANALYSIS
 
 5
 The appellant's contentions have already been resolved against him in United States v. Williams, No. 90-5917 (4th Cir. October 16, 1991). In Williams, the defendant contended that a plea agreement consoli dating two cases (each case involved a crime committed on separate dates) should be counted as a single predicate offense for purposes of § 924(e). Stated somewhat differently, the defendant argued that § 924(e) requires a conviction between the first and second predicate offenses and another conviction between the second and third offenses. The panel hearing the case rejected this argument, stating, "we consider the language of the revised statute (Section 924(e)) unambiguous because it clearly requires only three predicate convictions for offenses 'committed on occasions different from one another.' " Id. at 3. For the reasons set forth in Williams, supra, we affirm the ruling of the court below.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Section 924(e)(1) provides that: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years...."